UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA VARGAS, | NO. CV 03-1680-E |
| Plaintiff, | |
| v. | OPINION AND ORDER GRANTING |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | IN PART COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO |
| Defendant. | 42 U.S.C. SECTION 406(b) |

**PROCEEDINGS**

On August 3, 2006, counsel for Plaintiff filed "Counsel's Notice of Motion and Motion for Attorney Fees Pursuant to 42 USC § 406(b), etc." ("the Motion"), seeking $9,500.  On October 23, 2006, Defendant filed a response that purportedly takes no position as to whether the requested fee is reasonable, but notes certain factors for the Court's consideration.  The Court has taken the Motion under

///

///

submission without oral argument. See Local Rule 7-15; August 4, 2006 Minute Order.[1]

**BACKGROUND**

Plaintiff filed a complaint on March 12, 2003, seeking review of the Commissioner's denial of disability benefits.[2] Following Defendant's answer, Plaintiff filed a motion for summary judgment. The motion for summary judgment asserted that the Commissioner's denial should be reversed, and benefits should be awarded, because: (1) the Administrative Law Judge ("ALJ") allegedly failed adequately to develop the record by requesting further information from Plaintiff's treating psychiatrist regarding Plaintiff's alleged mental impairment; (2) the ALJ allegedly failed to follow the Appeals Council's order of remand requiring that the ALJ seek further information from treating and consultative examiners, obtain medical source statements in light of new medical evidence suggesting greater physical limitations, and then explain the weight given to the various medical opinions; and (3) the ALJ allegedly failed to offer

---

[1] On May 22, 2003, the parties filed a consent to proceed before a United States Magistrate Judge for all purposes. Thus, the Motion properly is before the Magistrate Judge. See 28 U.S.C. § 636(c).

[2] Plaintiff filed at least two applications for benefits with the Social Security Administration that were denied initially and on reconsideration. See Administrative Record, filed July 17, 2003 ("A.R.") pp. 90-96. Administrative Law Judges then conducted hearings and eventually issued unfavorable decisions. A.R. 15-19. Plaintiff's current counsel did not represent Plaintiff until 2002, when Plaintiff requested that the Appeals Council review the unfavorable decisions. A.R. 8-11.

2

1  clear and convincing reasons to reject Plaintiff's subjective
2  complaints of pain.  <u>See</u> "Notice of Motion and Motion for Summary
3  Judgment, etc.," filed August 20, 2003.

5       On October 20, 2003, the parties stipulated to remand the
6  matter to the Social Security Administration for further proceedings
7  pursuant to sentence four of 42 U.S.C. section 405(g).  The Court
8  entered an order and a judgment accordingly.  <u>See</u> "Stipulation for
9  Remand; Order of Remand" filed October 20, 2003.

11      Following remand, the Administration conducted proceedings
12 that resulted in a favorable decision for Plaintiff and an award of
13 past-due benefits from April 2001, totaling approximately $38,302.46.
14 <u>See</u> Exhibits 2 and 3 filed with the Motion.  Of this award, the
15 Commission withheld $9,575.61 (<u>i.e.</u>, 25 percent) for attorney fees.
16 <u>See</u> Motion, p. 3.

18      Counsel for Plaintiff now moves for $9,500 in fees, which
19 is $75.61 less than 25 percent of the approximated award. Counsel
20 acknowledges that any award made under section 406(b) must be offset
21 by the $2,400 in attorney fees counsel previously recovered under the
22 Equal Access to Justice Act ("EAJA").  <u>See</u> Motion, p. 3; "Stipulation
23 for the Award and Payment of Attorney Fees Under the EAJA, etc.,"
24 filed February 9, 2004; 28 U.S.C. § 2412.  In support of the Motion,
25 counsel for Plaintiff submitted a copy of the fee agreement between
26 Plaintiff and counsel, which provides for a contingent fee of 25
27 percent of any past-due benefits awarded on the reversal of any
28 unfavorable ALJ decision.  <u>See</u> Motion, Exhibit 1 at ¶¶ 3-4.

**APPLICABLE LAW**

Under 42 U.S.C. section 406(b), the Court may allow attorney fees in a "reasonable" amount, not to exceed 25 percent of the total past-due benefits awarded to the claimant. The Court has an independent duty to ensure that a section 406(b) contingency fee is reasonable. See id.; Gisbrecht v. Barnhart, 535 U.S. 789 (2002) ("Gisbrecht").[3]

The United States Supreme Court has explained that section 406(b):

> . . . does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular

---

[3] Section 406(b)(1) provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . In case of any such judgment, no other fee may be payable . . . for such representation except as provided in this paragraph.

See 42 U.S.C. § 406(b)(1)(A). Section 406(b) supplements section 406(a), which provides that the Commissioner may award attorney fees to a successful claimant's counsel for work performed before the Social Security Administration. See 42 U.S.C. § 406(a).

4

1       cases.  Congress has provided one boundary line:
2       Agreements are unenforceable to the extent that they
3       provide for fees exceeding 25 percent of the past-due
4       benefits.  Within this 25 percent boundary . . . the
5       attorney for the successful claimant must show that the
6       fee sought is reasonable for the services rendered.

Gisbrecht at 807 (citations omitted).

When a contingency fee falls within the 25 percent boundary, as here, Gisbrecht instructs that the Court appropriately may reduce counsel's recovery:

        . . . <u>based on the character of the representation and
        the results the representative achieved</u>.  If the
        attorney is responsible for delay, for example, a
        reduction is in order so that the attorney will not
        profit from the accumulation of benefits during the
        pendency of the case in court.  <u>If the benefits are
        large in comparison to the amount of time counsel spent
        on the case [thereby resulting in a windfall], a
        downward adjustment is similarly in order</u>.

Id. at 808 (citations omitted) (emphasis added); see also Straw v. Bowen, 866 F.2d 1167, 1169-70 (9th Cir. 1989) (in traditional, non-contingency fee analysis, the court multiplies reasonable hours expended by the prevailing market rate to arrive at a "lodestar figure"; the court may adjust the lodestar figure by considering the

5

factors identified in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976), to the extent the lodestar figure does not already subsume such factors). Gisbrecht does not instruct precisely how a district court should quantify the "downward adjustment" when the court concludes such an adjustment is "in order."

Justice Scalia dissented in Gisbrecht, expressing concern that the majority opinion "does nothing whatever to subject [section 406(b)] fees to anything approximating a uniform rule of law." Gisbrecht, 535 U.S. at 809. Justice Scalia's concern may have been well-founded. As this Court recently discussed in Ellick v. Barnhart, 445 F.Supp.2d 1166 (C.D. Cal. 2006), a survey of the cases applying Gisbrecht to section 406(b) fee requests reveals considerable divergence and scant evidence of any "uniform rule of law." See Ellick, 445 F.Supp.2d at 1168-72, for a summary of the reported decisions.[4]

**DISCUSSION**

Having reviewed the papers on file in this case in light of

---

[4] At the time of the Ellick decision, there were 43 reported decisions applying Gisbrecht to section 406(b) fee requests. There has been only one reported decision so applying Gisbrecht since Ellick. See Briem v. Barnhart, 2006 WL 3374955 (W.D.N.Y. Nov. 17, 2006). The Briem court awarded fees equating to 25 percent of past-due benefits as provided by the fee agreement. The court noted the time and effort counsel expended at the administrative level and counsel's level of experience in finding the fee request was reasonable. Briem does not mention the *de facto* hourly rate of $612.50 for time spent before the court. Id. at *1.

Gisbrecht and its progeny, the Court concludes that counsel has not met counsel's burden of showing the reasonableness of the fees requested. See 42 U.S.C. § 406(b); Gisbrecht, 535 U.S. at 807. Counsel's office achieved a favorable result for Plaintiff and should be compensated above the office's normal hourly fees to recognize the risks of contingent litigation. See, e.g., Hearn v. Barnhart, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (quoting Dodson v. Commissioner of Social Security, 2002 WL 31927589 (W.D. Va. Oct. 22, 2002): "Congress has indicated the permissibility, within limits, of rewarding attorneys for assuming the risk of going uncompensated for representing Social Security claimants."). However, the $38,302.46 in past-due benefits Plaintiff recovered is large in comparison to the amount of time spent on the case by counsel's office.

Counsel's fee statement submitted with the Motion, which concerns time expended in 2003, notes billing rates of $147.63 for Mr. Kalagian and $94.78 for Ms. Aparicio. See Exhibit 4 attached to Motion at p. 1.[5] Counsel spent 14.95 hours and the paralegal spent 3.7 hours. See id. If compensated according to these hourly rates, counsel would receive:

///

///

---

[5] The Court notes that counsel's petition for attorney fees under the EAJA, which was filed around the time services were rendered in this case, states that the attorneys in counsel's firm bill their time out at $200 to $250 per hour. See "Petition for Attorney Fees and Expenses Under the Equal Access to Justice Act," filed November 19, 2003, at ¶ 8. In the Motion, however, counsel asserts "[t]he firm has been paid $350 per hour for [counsel's] time on an hourly basis in limited hourly cases. " See Motion, p. 10.

7

```
             $147.63 x 14.95 hours =   $2,207.07
             $ 94.78 x  3.7 hours  =      350.69
                     Total Fees         $2,557.76
```

If counsel receives the full 25 percent under the fee agreement, however, counsel will receive a fee equivalent to roughly 3.71 times these rates (i.e., $547.71 per hour for counsel's time and $351.63 per hour for her paralegal's time).[6] Assuming that counsel's normal hourly rate in 2003 was $200 or $250 per hour (as reported in the EAJA petition (see fn. 5)), counsel would receive a fee equivalent to roughly 2.84 or 2.32 times his normal hourly rates, respectively.

Additionally, at least one court adjudicating section 406(b) fee requests has denied recovery for non-attorney time that can be compensated under the EAJA. See Roark v. Barnhart, 221 F. Supp. 2d 1020, 1021 (W.D. Mo. 2002); but see Hussar-Nelson v. Barnhart, 2002 WL 31664488 (S.D. Iowa 2002) (not differentiating between 48.8 hours spent by attorney and 5.1 hours spent by law clerk in considering reasonableness of fee for work before the court).

---

[6] Counsel argues the fee sought is reasonable based on comparable hourly rates derived from the 2000 Small Law Firm Economic Survey and the 2001 Small Law Firm Economic Survey. See Motion, pp. 7-11; Exhibits 5-9 to Motion. Contrary to counsel's argument, rates other than the normal hourly rates of counsel's office do not materially aid the Court's assessment of reasonableness. See Gisbrecht, 535 U.S. at 808 (The hours spent by counsel representing the claimant and counsel's "normal hourly billing charge for noncontingent-fee cases" may aid "the court's assessment of the reasonableness of the fee yielded by the fee agreement."); see also Grunseich v. Barnhart, 439 F.Supp.2d 1032, 1034 n.3 (C.D. Cal. 2006) (rejecting reliance on these surveys).

8

1    While the contingent risk in the present case should be
2 compensated reasonably, it should not be compensated as richly as
3 counsel suggests.  Under the circumstances of this case, to do as
4 counsel suggests would not be faithful to Gisbrecht.  See Gisbrecht
5 at 808 ("If the benefits are large in comparison to the amount of
6 time counsel spent on the case, a downward adjustment is . . . in
7 order").  Counsel spent very little time on the case in comparison to
8 the amount of benefits now owing, and the issues briefed in the
9 summary judgment motion were neither novel nor complex.[7]

     The Court finds that a downward adjustment from a full
contingency fee award is required in this case to arrive at a fee
that is "reasonable for the services rendered."  After surveying the
case law, and after considering the nature of the contingent risk,
the Court finds that a fee of $8,351.72, representing 2.5 times the
normal hourly rates of counsel and the paralegal, using a normal
hourly rate of $200 (or a *de facto* rate of $500 for counsel and
$236.95 for the paralegal) is a reasonable fee for the representation
of Plaintiff before this Court.  See Brannen v. Barnhart, 2004 WL
1737443 (E.D. Tex. Jul. 22, 2004) (awarding fee that was roughly 1.01
times counsel's normal hourly rate); Wallace v. Barnhart, 2004 WL
883447 (N.D. Iowa Apr. 22, 2004) (awarding fee that was 1.25
counsel's normal hourly rate); Hearn v. Barnhart, 262 F. Supp. 2d at
1035 (awarding fee that was roughly 1.5 times counsel's normal hourly
rate); Mitchell v. Barnhart, 376 F. Supp. 2d 912, 923 (S.D. Iowa

---

[7] Counsel does not argue that any of the issues raised in Plaintiff's complaint or motion for summary judgment were particularly novel or complex, nor could counsel persuasively so argue.

2005) (awarding fee that was 1.64 times counsel's normal hourly rate); <u>Coppett v. Barnhart</u>, 242 F. Supp. 2d 1380, 1381 (S.D. Ga. 2002) (awarding fee that was roughly twice counsel's normal hourly rate); <u>Roark v. Barnhart</u>, 221 F. Supp. 2d at 1021 (same); <u>Ogle v. Barnhart</u>, 2003 WL 22956419 (D. Me. Dec. 12, 2003) (awarding fee that was 2.5 times counsel's normal hourly rate); <u>Van Nostrand v. Barnhart</u>, 2005 WL 1168428 (W.D. Tex. May 12, 2005) (same); <u>cf.</u> <u>Yarnevic v. Apfel</u>, 359 F. Supp. 2d 1363, 1365-66 (N.D. Ga. Feb. 18, 2005) (awarding fee that was roughly 2.85 times counsel's standard hourly rate); <u>Droke v. Barnhart</u>, 2005 WL 2174397 (W.D. Tenn. Sep. 6, 2005) (awarding fee that was roughly 5.54 times counsel's normal hourly rate where counsel achieved "exceptional" results); <u>Claypool v. Barnhart</u>, 294 F. Supp. 2d 829, 830 (S.D. W. Va. 2003) (awarding fee that was roughly 5.73 times counsel's normal hourly rate where past-due benefits totaled almost $200,000); and <u>Whitehead v. Barnhart</u>, 2006 WL 681168 (W.D. Mo. Apr. 7, 2006) (awarding fee that was roughly 6.55 times counsel's normal hourly rate where counsel argued novel, case-specific and risky position).

As in <u>Ellick</u>, the Court acknowledges the regrettable imprecision of its analysis. After <u>Gisbrecht</u>, counsel and their clients cannot predict with any degree of certainty what courts will award as "reasonable" fees under section 406(b), particularly where the benefits are large in comparison to the amount of time spent by counsel. And, absent further guidance from Congress or from the appellate courts, district courts cannot have any degree of

///

confidence that their section 406(b) awards will be consistent with what the law intends.

**CONCLUSION**

The Motion is granted in part. Section 406(b) fees are allowed in the gross amount of $8,351.72, to be paid out of the sums withheld by the Commissioner from Plaintiff's benefits. Counsel shall reimburse Plaintiff in the amount of $2,400, previously paid by the Government under the EAJA.

IT IS SO ORDERED.

DATED: December 21, 2006.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

11